S96G1784. DOE v. PRUDENTIAL-BACHE/A.G. SPANOS REALTY PARTNERS, L. P. et al.

(492 SE2d 865)

SEARS, Justice.

The following issue is presented by our grant of certiorari in this case:[1] In light of this Court's decision in *Sturbridge Partners v. Walker*,[2] did the plaintiff present sufficient evidence to create a factual issue regarding whether the defendants could foresee that a violent sexual assault might be committed on their premises against one of their tenants. We conclude that, under the circumstances of this case, the property crimes that previously had been committed on the defendants' premises, unlike those at issue in *Sturbridge*, are insufficient to create a factual issue regarding the foreseeability of the sexual assault that occurred in this case. Accordingly, we affirm the judgment of the Court of Appeals.

The appellant, Jane Doe, was raped and robbed after parking her car underneath her apartment building at Regency Square Apartments (owned by appellee Prudential-Bache/A.G. Spanos Realty Partners, L. P., and managed by appellee A.G. Spanos Development, Inc., hereinafter referred to as "Regency Square"). Both before and after Ms. Doe began living at Regency Square, a number of crimes against property, such as theft and vandalism, were committed in the parking garage. These crimes included thefts of bicycles and thefts from automobiles. Doe subsequently brought this suit against the owners and managers of Regency Square, asserting, among other things, that Regency Square failed to safely maintain the premises. The trial court granted summary judgment to Regency Square, and the Court of Appeals affirmed. As for Doe's negligence claim under OCGA § 51-3-1, the Court of Appeals rejected Doe's contention that the prior property crimes put Regency Square on notice that a violent sexual crime might occur on the premises.[3] In rejecting Doe's claim, the Court of Appeals relied solely on the principle that prior property crimes could not create a factual issue regarding whether a property owner knew or should have known that a crime

---

[1] *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 222 Ga. App. 169 (474 SE2d 31) (1996).

[2] 267 Ga. 785 (482 SE2d 339) (1997).

[3] *Doe*, 222 Ga. App. at 170-172.

against a person, sexual or otherwise, might be committed on its premises.[4] Although this Court in *Sturbridge* laid to rest the artificial notion that a crime against a person could never be foreseen by previous crimes against property, we nevertheless conclude that, under the circumstances of this case, the Court of Appeals reached the correct result concerning foreseeability.

It is well-settled that a landlord only has a duty to protect tenants from the criminal attacks of third parties if those attacks are foreseeable.[5] In *Sturbridge*, this Court addressed Sturbridge's contention "that a landlord's knowledge of prior criminal acts against property cannot establish the foreseeability of a brutal sex crime as a matter of law, and therefore, no duty arose in the instant case." We rejected that proposition as "a restrictive and inflexible approach [that] does not square with common sense or tort law."[6] Instead, we adopted more flexible guidelines for determining foreseeability:

> In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that "does not mean identical, . . . '[What] is required is that the prior [incident] be sufficient to attract the [landlord's] attention to the dangerous condition which resulted in the litigated [incident].' [Cit.]" Further, the question "of reasonable foreseeability" of a criminal attack is generally "for a jury's determination rather than summary adjudication by the courts."[7]

After adopting these guidelines on foreseeability, we examined whether the two prior burglaries of which the landlord had knowledge in *Sturbridge* created a factual issue regarding the foreseeability of the rape and aggravated sodomy that occurred in one of Sturbridge's apartments. We concluded that the prior burglaries did give rise to a triable issue on foreseeability. We held that, although the burglaries "were committed when the apartments were vacant, it was reasonable to anticipate that an unauthorized entry might occur while an apartment was occupied and personal harm to a tenant

---

[4] Id. at 171-172.
[5] *Sturbridge*, 267 Ga. at 785-786.
[6] *Sturbridge*, 267 Ga. at 786.
[7] *Sturbridge*, 267 Ga. at 786. (Citations omitted.) (Brackets in original.)

could result."[8] We found it significant that, as defined in OCGA § 16-7-1 (a), "the very nature of burglary suggests that personal injury may occur during the unauthorized entry into the dwelling house of another."[9]

In the present case, on the other hand, we conclude that the prior property crimes, largely thefts from automobiles and acts of vandalism, are insufficient to create a factual issue regarding whether Regency Square could reasonably anticipate that a violent sexual assault might occur on the premises. First, the "very nature" of the thefts and acts of vandalism committed in this case do not "suggest that personal injury may occur."[10] Further, because the parking garage where the prior crimes occurred is a common area, used by all the tenants and their guests, there is only the potential for a tenant to confront a thief in an isolated situation, and, even if such an encounter occurs, there is always the possibility that the isolation could be brief. In contrast, a tenant encountering a burglar in the privacy of her apartment inevitably will be isolated with the intruder, and will have little chance of a third party interrupting the encounter. Finally, a tenant generally will have opportunities for escaping an isolated encounter with a thief in a common area, but will not have similar opportunities when encountering a burglar in her apartment.

For these reasons, we conclude that, unlike the burglaries in *Sturbridge*, the prior crimes in this case cannot establish the foreseeability of the violent sexual assault that was committed. Further, we find no other evidence that would create a factual issue on the foreseeability of the attack on Jane Doe. Accordingly, although we recognize that questions of foreseeability are generally for a jury to decide, we conclude that the facts of this case demand that we affirm the judgment of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Benham, C. J., who concurs in the judgment only, and Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

I respectfully dissent to the majority's opinion because it is inconsistent both legally and factually from the approach this Court has previously set forth as applicable in premises liability cases. In *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997) a majority of this Court rejected the "restrictive and inflexible" "substantially similar" standard and stressed that in determining reasonable foreseeability, facts such as "the location, nature and

---

[8] *Sturbridge*, 267 Ga. at 787.
[9] Id. at n. 1.
[10] See *Sturbridge*, 267 Ga. at 787, n. 1.

extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question" must be given due consideration. Id. at 786. While the majority gives lip service to the holding in *Sturbridge*, it nevertheless proceeds to usurp the jury's role by resolving contested factual conflicts against appellant in order to achieve the result it desires, a return to the "restrictive and inflexible" standard of the "substantially similar" prior criminal act which this Court rejected in *Sturbridge*. It little matters that the majority quotes *Sturbridge* at length where its application of premises liability principles to the facts of this case undeniably establishes that its holding is consistent only with those cases *Sturbridge* overruled.

The majority states that under the facts in this case there was only a "potential" for a patron like Doe to confront a thief, a "possibility" that the isolation of any encounter would be brief, with a tenant "generally" having opportunities to escape. Majority opinion, p. 606. I agree that appellant does not have a strong case. But mere recognition of the weakness of appellant's case does not entitle the majority to play factfinder and enter summary adjudication for appellees in a case where the evidence does not, with plain and palpable facts, establish the absence of evidence to support the nonmoving party's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Appellant here adduced evidence that in the 11 months before the assault on her in December 1991, there were over 15 incidents of theft from vehicles in appellees' parking lots and numerous instances of vandalism; in the month of the assault itself, two bicycles and a white water kayak were stolen from the lots. Appellant adduced evidence that appellees were aware that criminal activity in the parking lots was pervasive and was not limited to petty larcenies, but also included thefts of conspicuous and bulky items, thus presenting a foreseeable risk of confrontation with and assault on patrons who encountered these thieves. A jury question consequently was presented whether appellees' knowledge of this widespread and flagrant criminal activity in the parking lots was "sufficient to attract [appellees'] attention to the dangerous condition which resulted in [the assault on appellant]." (Citation and punctuation omitted.) Majority opinion, p. 605.

It little benefits the bench, bar and public for this Court to state a rule in one case then inexplicably retreat from that rule the very next time the issue appears. Here, eight months after this Court held in *Sturbridge* that a jury, not the appellate courts, should resolve the question of reasonable foreseeability, a majority of this Court substitutes itself as the finder of fact to hold that appellees' knowledge of pervasive property-related criminal activity "cannot establish the foreseeability" of the assault on appellant. In *Sturbridge* we rejected this inflexible approach over Chief Justice Benham's lament that our

holding constituted "an unfortunate jettisoning of precedent." Id. at 788 (Benham, C. J., dissenting). It appears now that this Court's effort in *Sturbridge* to "square [premises liability cases] with common sense or tort law" was itself nothing more than an aberration and that it is *Sturbridge* that is now being jettisoned by the majority. Because I would apply *Sturbridge* to this case and hold that a jury question exists whether the criminal attack on appellant was reasonably foreseeable, I must respectfully dissent to the affirmance of the Court of Appeals' opinion.

DECIDED NOVEMBER 3, 1997.

*Sutherland, Asbill & Brennan, William D. Barwick, William S. Wright, Patricia A. Gorham,* for appellant.
*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Kathryn S. Whitlock, John C. Bonnie,* for appellees.
*Bauer & Deitch, Gilbert H. Deitch,* amicus curiae.