A05A0244. AGNES SCOTT COLLEGE, INC. v. CLARK.
(616 SE2d 468)

MILLER, Judge.

A student at Agnes Scott College, Inc. (Agnes Scott) sued the college, alleging that Agnes Scott negligently failed to keep its premises safe, after the student was kidnapped from one of Agnes Scott's parking lots and raped off campus. Although there was no evidence of any kidnappings, rapes, attacks, or other similar crimes occurring in the parking lot prior to the incident involving the student, the trial court

denied Agnes Scott's motion for summary judgment. Since the trial court's ruling is contrary to Supreme Court of Georgia precedent requiring that prior similar crimes must occur before a landowner can be held liable for injuries suffered in connection with a future crime on its premises, we are constrained to reverse.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell,* 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that on September 29, 1997, Nikia Clark parked her car in Agnes Scott's South Candler parking lot. At around noon on the following day, Clark returned to her car while it was sunny and clear outside and the lot was still full. Clark got into her car, locked the door, and rolled down her window to release the accumulated heat inside her car. She looked in her rearview mirror and noticed a man (later identified as Toddrick Hunter) walking toward her car from behind. She started rolling up her window, but Hunter reached the driver's side of the car before she could finish doing so. Hunter then punched Clark several times in the face, unlocked her car door, and forced his way into the car. Hunter forced Clark into the passenger seat and drove away with her to another part of the Atlanta area, where he raped her. Hunter then forced Clark into the trunk of the car, but Clark managed to escape after Hunter stopped at a traffic light. Clark ran for help and Hunter drove away. Hunter was later arrested.

Prior to the September 1997 incident involving Clark, there had been no reported incidents of kidnapping, rape, or any other violent crimes occurring in the South Candler lot at Agnes Scott.[1] Only crimes against property, such as car break-ins, and other crimes not involving person-to-person contact had been reported. Even reports of suspicious persons in the lot involved people who were seen late at night and who had no direct contact with students in the lot. It is undisputed that neither Agnes Scott nor Clark had any knowledge of

---

[1] Although Clark stated in her deposition that her neighbor had told her that someone had been raped in the South Candler lot in 1993, such assertion is hearsay and does not constitute competent evidence for purposes of summary judgment. *Fernandez v. Ga. Theatre Co. II,* 261 Ga. App. 892, 893 (583 SE2d 926) (2003). Moreover, the person from whom Clark allegedly heard this information did not testify that any violent crime had ever occurred in the South Candler lot. Nor is there evidence that any rape in the lot had been reported to Agnes Scott or the Decatur police in 1993. The only rapes that had been reported to Agnes Scott before the incident involving Clark were those occurring between people meeting at parties or in bars, or between people who already knew each other.

Hunter prior to his abduction and rape of Clark.

In opposition to summary judgment, Clark did not come forward with evidence of violent crimes occurring in the South Candler lot prior to the incident involving Hunter. Instead, she produced general crime statistics for the City of Decatur and other areas and evidence that students were afraid of going to the South Candler lot alone at night. Acknowledging such evidence in its order denying summary judgment to Agnes Scott, the trial court reasoned in part that although "[t]here had been no carjackings on or near campus, . . . Agnes Scott was aware that carjackings were on the rise across the nation. . . ." The trial court further focused on the fact that the South Candler lot was farther away from campus than the other parking lots, and that students expressed concern for their safety in the lot at night, in reaching its conclusion that a jury question existed regarding whether Agnes Scott could have foreseen the daytime attack against Clark. Agnes Scott appeals from this order.

1. Agnes Scott contends that the trial court erred in denying its motion for summary judgment. We agree.

Although a landowner has a duty to invitees to exercise ordinary care to keep its premises safe (see OCGA § 51-3-1), the landowner is not an insurer of an invitee's safety. See *Fernandez*, supra, 261 Ga. App. at 892. An intervening criminal act by a third party generally insulates a landowner from liability unless such criminal act was reasonably foreseeable. *Days Inns of America v. Matt*, 265 Ga. 235, 236 (454 SE2d 507) (1995) ("Simply put, without foreseeability that a criminal act will occur, no duty on the part of the proprietor to exercise ordinary care to prevent that act arises."); see also *Baker v. Simon Property Group*, 273 Ga. App. 406 (614 SE2d 793) (2005) (mall owner properly granted summary judgment where shooting of patron in parking lot was not foreseeable).

In order for the crime at issue to be foreseeable, it must be substantially similar to previous criminal activities occurring on or near the premises such that a reasonable person would take ordinary precautions to protect invitees from the risk posed by the criminal activity. See *Sturbridge Partners v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997).

> In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is

that the prior incident be sufficient to attract the [landowner's] attention to the dangerous condition which resulted in the litigated incident.

(Citations and punctuation omitted.) Id.

Applying this standard, the Supreme Court of Georgia has held that a landlord was entitled to summary judgment on the claim of a victim who was attacked in a parking garage and raped nearby, because the crime was unforeseeable as a matter of law. *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 268 Ga. 604, 606 (492 SE2d 865) (1997), affirming *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 222 Ga. App. 169 (474 SE2d 31) (1996). In *Doe*, the victim was attacked on a sunny afternoon in a parking garage where no violent attacks had occurred in the past. *Doe*, supra, 222 Ga. App. at 170-172 (1) (a). The only prior crimes that had been committed in the garage were crimes against property, such as thefts from automobiles and a few acts of vandalism. See *Doe*, supra, 268 Ga. at 606; *Doe*, supra, 222 Ga. App. at 170 (1) (a). In affirming the grant of summary judgment to the landlord, the Supreme Court held:

> [T]he prior property crimes, largely thefts from automobiles and acts of vandalism, are insufficient to create a factual issue regarding whether [the landlord] could reasonably anticipate that a violent sexual assault might occur on the premises. First, the very nature of the thefts and acts of vandalism committed in this case do not suggest that personal injury may occur. Further, because the parking garage where the prior crimes occurred is a common area, used by all the tenants and their guests, there is only the *potential* for a tenant to confront a thief in an isolated situation, and, even if such an encounter occurs, there is always the possibility that the isolation could be brief.

(Punctuation and footnote omitted; emphasis supplied.) *Doe*, supra, 268 Ga. at 606.

As in *Doe*, there was no evidence here that any similar incidents had occurred in the South Candler lot that would have made the attack on Clark foreseeable to Agnes Scott. As a matter of law, break-ins to unoccupied cars and other incidents that did not involve person-to-person violence or contact would not make the daytime abduction of Clark foreseeable. Id.; see also *Baker*, supra, 273 Ga. App. at 408 (parking lot shooting unforeseeable as a matter of law where criminal incidents in prior year consisted only of thefts or burglaries from unoccupied vehicles, criminal damage to unoccupied vehicles, and stealing of three unoccupied vehicles). Nor would

general crime statistics and student concerns about walking alone in a parking lot at *night* create an issue of fact regarding the foreseeability of a random attack on a student in broad daylight in the parking lot. See, e.g., *Baker*, supra, 273 Ga. App. at 408. The prior criminal acts here do not suggest that personal injury would occur in the manner that it did in this case. The parking lot was a common area used by several students, where the potential confrontation with any attacker could be brief, especially during the middle of the day when the parking lot was full. See *Doe*, supra, 268 Ga. at 606; *Doe*, supra, 222 Ga. App. at 172-173 (1) (b).

Without any evidence of similar occurrences or other evidence that would have made the attack on Clark foreseeable, Agnes Scott is entitled to summary judgment as a matter of law. *Doe*, supra, 268 Ga. at 606; *Doe*, supra, 222 Ga. App. at 172-173 (1) (b). As much as we sympathize with Clark and commend her for her strength in surviving the brutal events, the binding authority of the Supreme Court of Georgia dictates a reversal of the denial of summary judgment to Agnes Scott. See *Doe*, supra, 268 Ga. at 606.

2. Our holding in Division 1 renders moot Agnes Scott's challenge to the expert testimony offered by Clark. The attack was unforeseeable as a matter of law, and the offered expert testimony attempting to show otherwise does nothing to change this result. See *Doe*, supra, 222 Ga. App. at 172-173 (1) (b).

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 24, 2005 —
RECONSIDERATION DENIED JUNE 14, 2005 — ▮▮▮▮▮▮

*Swift, Currie, McGhee & Hiers, John S. Berry, James T. McDonald, Jr.*, for appellant.

*Smith, Schroeder & O'Connell, John J. O'Connell, Jr.*, for appellee.