## A05A0177. BAKER v. SIMON PROPERTY GROUP, INC. et al.
### (614 SE2d 793)

PHIPPS, Judge.

Jason Baker appeals from the trial court's order granting summary judgment to Simon Property Group, Inc. and IPC International Corporation in his action for personal injuries after he was shot in a mall parking lot. We affirm because our application of the appropriate standard of review shows that the defendants were entitled to summary judgment.

We apply a de novo standard of review to an appeal from the grant of summary judgment and "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[1] Summary judgment should be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2]

Viewed in this light, the record shows that Baker was shot during a carjacking in the parking lot of a mall on Christmas Eve. Baker was driving his car on which he had placed twenty-inch specialty rims on all four wheels. The incident occurred shortly after Baker parked his car in the crowded parking lot while it was still light outside. He heard a noise on his right side, and saw a man pointing a gun at him through the partially open front passenger's window of his car. The man said, "Give it up playboy, you know what time it is," and shot into the car's front windshield. Baker, believing that the man wanted him to get out of the car, jumped out of the car and ran about 15 steps before being shot in the chest while turning to look back at his attacker. When he looked back toward his car, he saw a second man on the driver's side of the car and the two men left with his car.

Baker filed suit against Simon Property Group, the manager of the mall, and IPC International Corporation, the security company for the mall, alleging that his injury was foreseeable, that the defendants failed to provide reasonable security measures, and that this failure proximately caused his injuries. After conducting discovery, the defendants moved for summary judgment, arguing that they were not negligent, that the incident was not foreseeable, and that their conduct was not the proximate cause of Baker's injuries. The trial court granted summary judgment to the defendants without stating its reasoning.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997) (citation omitted).

[2] OCGA § 9-11-56 (c).

1. Baker argues that because his carjacking and shooting were foreseeable to the defendants, they are responsible for the criminal act of a third party.

> Generally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury superseding any negligence of the defendant, unless the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent act.[3]

Baker argues that the shooting was foreseeable to the defendants based on a computer printout listing crimes at the mall for the 30 months preceding his injury. This printout was obtained from the local police department and is not certified or authenticated. Baker also relies on uncertified and unauthenticated police incident reports.

"The admissibility of evidence on motion for summary judgment . . . is subject to the rules relating to the admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would generally be inadmissible on motion for summary judgment."[4] As these documents are not certified or authenticated, they cannot be considered in our de novo evaluation of whether summary judgment was warranted.[5] We further note that even if these documents had been admissible, Baker failed to show that the defendants were aware of the reports made to the police.[6] Thus, this evidence could not be used to support Baker's claim that his attack was foreseeable.[7]

The only admissible evidence of other criminal incidents in the parking lot of which the defendants were aware in the year before Baker's shooting was five thefts or burglaries from unoccupied vehicles, two reports of criminal damage to unoccupied vehicles, and three cars stolen from the parking lot while the customers were inside the mall shopping.

---

[3] *Brown v. All-Tech Investment Group*, 265 Ga. App. 889, 893 (1) (595 SE2d 517) (2004) (citations and punctuation omitted).

[4] *Lance v. Elliott*, 202 Ga. App. 164, 167 (413 SE2d 486) (1991) (citations and punctuation omitted).

[5] See *Ford v. Ga. Power Co.*, 151 Ga. App. 748, 749 (2) (C) (261 SE2d 474) (1979).

[6] See *Sun Trust Banks v. Killebrew*, 266 Ga. 109 (464 SE2d 207) (1995) ("[t]here is no authority in this State imposing a duty upon a property owner to investigate police files to determine whether criminal activities have occurred on its premises").

[7] Id.

In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract [the defendant's] attention to the dangerous condition which resulted in the litigated incident.[8]

Although we recognize that the question of whether a criminal attack was reasonably foreseeable is generally for the jury,[9] we find that the prior property crimes in the mall's parking lot are insufficient to create a factual issue whether the defendants could reasonably anticipate that a carjacking and shooting resulting in personal injury might occur.[10]

2. Baker's remaining claims of error are rendered moot by our holding in Division 1.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

### ON MOTION FOR RECONSIDERATION.

Baker raises two issues on motion for reconsideration that merit response for the sake of clarification. First, Baker asserts that the defendants' internal statistics regarding criminal activity at the mall demonstrate their prior knowledge of extensive criminal acts. However, these "internal statistics" appear nowhere in the record before us. Instead, there is only the defendants' response to an interrogatory referencing the existence of these internal statistics.

Baker also asserts, based on our opinion in *Bishop v. Mangal Bhai Enterprises*,[11] that he did not need to show that the crime against him was foreseeable because the defendants had already undertaken a duty to provide security. Thus, according to Baker, he only needed to demonstrate a genuine issue of material fact as to whether the defendants had provided security in a negligent manner.

We disagree.

---

[8] *Doe v. Prudential-Bache &c. Partners*, 268 Ga. 604, 605 (492 SE2d 865) (1997) (punctuation and footnote omitted).

[9] Id. at 606.

[10] See id. (prior crimes of vandalism to and theft from automobiles in parking garage insufficient to establish foreseeability of robbery and rape of person who parked car in garage).

[11] 194 Ga. App. 874, 876-878 (3) (392 SE2d 535) (1990).

The fact that this particular crime was unforeseeable establishes that there was no duty to protect against this specific attack. The evidence which [Baker] present[s] regarding the alleged deficiencies in the security system ignore[s] the fact that there was no duty to protect against this type of attack.[12]

"Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required."[13] We further note that we subsequently criticized our opinion in *Bishop*[14] because it "seem[s] to analyze the security provided independently of the original duty imposed, in a manner inconsistent [with these principles]."[15] We declined to overrule it, however, because the evidence in *Bishop*[16] created a genuine issue of fact as to the foreseeability of the particular incident at issue.[17]

*Motion for reconsideration denied.*

DECIDED APRIL 6, 2005 —
RECONSIDERATION DENIED MAY 24, 2005.

*Carter & Tate, Mark A. Tate, Stephen G. Lowry*, for appellant.
*Drew, Eckl & Farnham, George R. Moody, Brent M. Estes*, for appellees.

---

[12] *Ritz Carlton Hotel Co. v. Revel*, 216 Ga. App. 300, 304 (2) (454 SE2d 183) (1995).
[13] Id. (citation and punctuation omitted).
[14] Supra.
[15] *Ritz Carlton Hotel*, supra.
[16] Supra.
[17] *Ritz Carlton Hotel*, supra.