A07A0644. McAFEE v. ETS PAYPHONES, INC.
(642 SE2d 422)

BLACKBURN, Presiding Judge.

In this premises liability action, plaintiff Jessie McAfee appeals the trial court's order granting summary judgment to defendant ETS Payphones, Inc. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we review the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Bryant v. DIVYA, Inc.*[2]

So viewed, the record demonstrates that ETS Payphones owns and maintains approximately 2,500 pay telephones in Georgia and several other states across the southeast. In late 2003, ETS noticed

---

[1] OCGA § 9-11-56 (c).

[2] *Bryant v. DIVYA, Inc.,* 278 Ga. App. 101 (628 SE2d 163) (2006).

an increase in the incidents of money being stolen from their payphones and suspected that a recently-terminated employee was responsible. As part of its normal procedures, ETS physically inspected every payphone at least once per month and used an automated computer polling program, whereby each phone was called nightly to determine that it was functioning and the amount of money that had been collected. However, during the recent rash of thefts, it was not uncommon for the thief to steal the collected money by drilling out the payphone's locks, which would loosen the phone's casing from its base but would leave the phone fully functioning. In such circumstances, only a physical inspection would alert ETS to the fact that the payphone had been subjected to theft or tampering.

On the morning of July 22, 2004, McAfee stopped at a gas station in Appling and began making phone calls on an ETS payphone. Although the payphone was functioning at that time, unbeknownst to McAfee the phone's lock had been drilled and its cast-metal casing had been loosened from its base as a result of a theft that was consistent with the thefts being attributed to the terminated ETS employee. While making his phone calls, McAfee was kneeling on the ground to prevent paperwork, which he was reviewing, from being blown away by the wind. McAfee made two phone calls and was about to make a third when the loosened upper casing of the payphone fell on his head and injured him.

McAfee filed a negligence action, alleging that ETS was liable for his injuries by failing to exercise ordinary care to protect him from the hidden danger posed by its theft-damaged payphone. At the conclusion of discovery, ETS moved for summary judgment. The trial court granted ETS's motion, and this appeal followed.

McAfee contends that the trial court erred in granting ETS summary judgment, arguing that genuine issues of material fact exist as to whether ETS had superior knowledge of the danger posed by its damaged payphone and as to whether it exercised ordinary care to protect invitees from such danger. We disagree. An owner or occupier of land has a statutory duty to keep its approaches and premises in a reasonably safe condition for invitees.[3] See *Robinson v. Kroger Co.*[4] "But an owner or occupier of land is not an insurer of the safety of its invitees." (Punctuation omitted.) *Bryant*, supra, 278 Ga. App. at 102. *Lee v. Food Lion.*[5] See *Robinson*, supra, 268 Ga. at 740 (1); *Pound v. Augusta Nat.*[6] Rather,

---

[3] OCGA § 51-3-1.

[4] *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997).

[5] *Lee v. Food Lion*, 243 Ga. App. 819, 820 (534 SE2d 507) (2000).

[6] *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981).

[i]n premises liability cases, proof of [an invitee's injury], without more, does not give rise to liability on the part of a proprietor. The true basis of a proprietor's liability for personal injury to an invitee is the *proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm.* Recovery is allowed only when the proprietor had knowledge and the invitee did not.

(Emphasis supplied.) *Emory Univ. v. Smith.*[7] See also *Wingo v. Harrison.*[8]

In addition, "[a] landowner can be liable for third-party criminal [acts] if the landowner has reasonable grounds to apprehend that such a criminal act would be committed but fails to take steps to guard against injury." *TGM Ashley Lakes v. Jennings.*[9] "In order for the crime at issue to be foreseeable, it must be substantially similar to previous criminal activities occurring on or near the premises such that a reasonable person would take ordinary precautions to protect invitees from the risk posed by the criminal activity." *Agnes Scott College v. Clark.*[10] See *Sturbridge Partners v. Walker.*[11] In determining whether previous criminal acts are substantially similar to the occurrence causing the harm, we have held that the acts need not be identical, but the prior incidents must be sufficiently similar "to attract the landowner's attention to *the dangerous condition which resulted in the litigated incident.*" (Punctuation omitted; emphasis supplied.) *Agnes Scott College,* supra, 273 Ga. App. at 622 (1).

Here, no evidence was presented indicating that ETS had actual knowledge that the specific payphone that caused McAfee's injury had been damaged during a theft and posed a danger to customers using it. See *Green v. Home Depot U.S.A.*[12] Therefore, ETS could only be liable for McAfee's injury if the evidence demonstrated that it had constructive knowledge of the alleged hazard. See id.

McAfee argues that ETS had constructive knowledge based on its being aware of the fact that a recently terminated employee was stealing the money from its payphones and, in the course of such thefts, was damaging the phones in a manner similar to the damage sustained by the phone that caused McAfee's injury. However, "there is no duty to foresee dangers which are not reasonably expected and

---

[7] *Emory Univ. v. Smith,* 260 Ga. App. 900, 901 (581 SE2d 405) (2003).

[8] *Wingo v. Harrison,* 268 Ga. App. 156, 159 (601 SE2d 507) (2004).

[9] *TGM Ashley Lakes v. Jennings,* 264 Ga. App. 456, 462 (2) (590 SE2d 807) (2003).

[10] *Agnes Scott College v. Clark,* 273 Ga. App. 619, 621 (1) (616 SE2d 468) (2005).

[11] *Sturbridge Partners v. Walker,* 267 Ga. 785, 786 (482 SE2d 339) (1997).

[12] *Green v. Home Depot U.S.A.,* 277 Ga. App. 779, 781 (1) (627 SE2d 836) (2006).

which would not occur except from unexpected acts." *Yager v. Wal-Mart Stores*.[13] While ETS was aware of the increased incidents of theft and the consequent damage to its payphones, no evidence of prior incidents of theft-damaged phones falling and injuring customers was presented such that ETS could reasonably foresee that the theft damage of its payphone would cause injury to McAfee and in particular that McAfee would be kneeling on the ground and pulling on the phone cord such that the phone would fall on his head. See id.; *Brownlee v. Winn-Dixie Atlanta*.[14] Quite simply, ETS did not possess superior knowledge of any danger because "[t]he prior criminal acts here do not suggest that personal injury would occur in the manner that it did in this case." *Agnes Scott College*, supra, 273 Ga. App. at 623 (1). Accordingly, the trial court did not err in granting summary judgment to ETS.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 27, 2007.

*David B. Bell*, for appellant.
*Francis C. Schenck*, for appellee.

---

[13] *Yager v. Wal-Mart Stores*, 257 Ga. App. 215, 217 (570 SE2d 650) (2002).
[14] *Brownlee v. Winn-Dixie Atlanta*, 240 Ga. App. 368, 370 (2) (523 SE2d 596) (1999).