A07A0230. ROBINSON v. KROGER COMPANY.
(644 SE2d 316)

ANDREWS, Presiding Judge.

Lola Robinson appeals from the trial court's grant of the Kroger Company's motion for summary judgment on her claim for damages after she fell in the parking lot in front of the Kroger grocery store. Because the trial court correctly determined that the parking lot was owned and maintained by Kroger's landlord and was not an "approach" to the premises for purposes of OCGA § 51-3-1, we affirm.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The undisputed evidence in the record was that Robinson had gone to the bank inside the Kroger grocery store and was walking back to her car when the accident occurred. Robinson stepped over a concrete bumper in the parking space next to the space in which she

had parked. Robinson said that the bumper obscured a hole in the pavement; and, when she stepped over it, her foot went into the hole and she fell to the ground.

Robinson sued Kroger and Kroger filed a motion for summary judgment contending that it was responsible only for the leased premises and approaches to the store. Kroger pointed out that its lease does not extend to the parking lot, which is designated a "Common Area" for the use of all the tenants and their customers. Further, it was the landlord's responsibility to maintain these common areas.

OCGA § 51-3-1 provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." This duty to exercise ordinary care to keep the approaches to its premises safe for invitees applies even if those approaches were over property not within its control. *Motel Properties v. Miller*, 263 Ga. 484, 486 (436 SE2d 196) (1993). *Motel Properties* defines approaches as:

> that property directly contiguous, adjacent to, and touching those entryways to premises under the control of an owner or occupier of land, through which the owner or occupier, by express or implied invitation, has induced or led others to come upon his premises for any lawful purpose, and through which such owner or occupier could foresee a reasonable invitee would find it necessary or convenient to traverse while entering or exiting in the course of the business for which the invitation was extended. By contiguous, adjacent to, and touching, we mean that property within the last few steps taken by invitees, as opposed to "mere pedestrians," as they enter or exit the premises. (Citation and footnote omitted.) Id. at 486.

*Food Lion v. Isaac*, 261 Ga. App. 311, 312 (582 SE2d 476) (2003).

In this case, it is 60 feet from the threshold of the store to the concrete bumper. Kroger points out that there is a 16-foot sidewalk in front of the building and Robinson fell in the parking lot, at least 44 feet from the sidewalk. Accordingly, this case is controlled by *Food Lion*, supra,[1] in which we held that because the facts established that

---

[1] Robinson relies on *Todd v. F. W. Woolworth Co.*, 258 Ga. 194 (366 SE2d 674) (1988), but as the Supreme Court stated in *Motel Properties*, supra, *Todd* is not on point because the defendant in *Todd* admitted that the plaintiff was injured on an approach to its premises. Id. at 485 (citing to *Todd*, supra at 197).

plaintiff slipped and fell while walking in the parking lot owned and maintained by Food Lion's landlord, and which was separated from the store by a sidewalk, plaintiff was not within an "approach" within the meaning of OCGA § 51-3-1. Id. at 311-312.

Accordingly, because Robinson slipped and fell in the parking lot owned and maintained by Kroger's landlord, she was not within an approach to the store. Therefore, there was no error in the trial court's grant of Kroger's motion for summary judgment. *Food Lion*, supra.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MARCH 23, 2007.

*Douglas R. Daum*, for appellant.
*Tara L. Moulds, Douglas A. Wilde*, for appellee.

