## A08A1471. VEGA et al. v. LA MOVIDA, INC.
(670 SE2d 116)

MIKELL, Judge.

On March 29, 2004, Carlos Vega and his brother, Leodegario, were shot inside a bar and restaurant owned by La Movida, Inc. Seeking to recover damages for injuries they sustained in the shooting, the Vegas sued La Movida, alleging that it negligently failed to provide adequate security inside the bar. The case went to trial and the jury returned a defense verdict. The Vegas appeal the judgment, asserting that the trial court erred in excluding evidence of prior criminal activity near the bar; in allowing La Movida to allege that a prior relationship existed between the shooter, Juan Aguirre, and the Vegas; in allowing La Movida's counsel to make improper remarks in closing; and in failing to prohibit La Movida from arguing that the shooter was solely responsible for the Vegas' injuries. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the record reflects that Carlos and Leodegario Vega, along with their brothers Fredi and Huber, were patronizing La Movida on the night of March 29, 2004. Carlos and Leodegario had frequented this bar on several prior occasions, and on this occasion, as on the earlier ones, upon entry they were patted down for weapons at the door by the two security guards stationed there by La Movida for that purpose. Sometime after 12:30 a.m., the brothers got into an altercation with Juan Aguirre, another customer. About five minutes into this dispute, Aguirre pulled a pistol from the waistband of his pants. Until that moment, this pistol had been concealed by Aguirre's shirttail. Aguirre immediately attempted to fire the weapon at Leodegario, but it misfired. Another customer, Misael Hernandez, attempted to disarm Aguirre, and Aguirre shot him in the arm. Carlos jumped on Aguirre and both fell to the floor; Aguirre shot Carlos as Carlos attempted to get up. Aguirre then shot Leodegario when he attempted to flee.

1. In their first enumeration of error, the Vegas argue more than one error. They challenge the trial court's exclusion of evidence of certain prior criminal acts; they argue that the trial court abused its discretion in failing to grant their motion for mistrial; and they contend that the trial court erred in failing to give certain jury charges they requested. OCGA § 5-6-40, however, requires that enumerations of error "shall set out separately each error relied upon." Thus,

---

[1] *Booker v. Older Americans Council of Middle Ga.*, 278 Ga. App. 407 (629 SE2d 69) (2006).

> [w]hen an appellant argues more than one error within a single enumeration, this [C]ourt in its discretion may elect to review none of the errors so enumerated or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned.[2]

We exercise our discretion to address these arguments.

(a) The Vegas contend that the trial court erred in excluding evidence of prior criminal acts in the vicinity of the bar. "The admissibility of evidence lies in the trial court's discretion, and the appellate court reviews evidentiary rulings under the abuse of discretion standard."[3]

In their complaint, the Vegas alleged that La Movida negligently failed to provide adequate security inside the bar, because when the security guards stationed at the entrance to the bar frisked Aguirre, they failed to discover the pistol that Aguirre shortly afterward used to shoot the Vegas. OCGA § 51-3-1 imposes upon an owner or occupier of land the duty to exercise ordinary care to keep its premises safe.[4] This duty notwithstanding, "a property owner is not an insurer of an invitee's safety, and an intervening criminal act by a third party generally insulates a proprietor from liability unless such criminal act was reasonably foreseeable."[5] Thus, as our Supreme Court ruled in *Sturbridge Partners v. Walker*,[6] a proprietor's duty to exercise ordinary care to protect invitees against third-party criminal attacks "extends *only* to *foreseeable* criminal acts,"[7] that is, acts which the proprietor had "reason to anticipate."[8]

> Accordingly, the incident causing the injury must be substantially similar in type to the previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers . . . against the risk posed by that type of activity.[9]

---

[2] (Footnote omitted.) *Thomas v. State*, 291 Ga. App. 795, 801 (4) (662 SE2d 849) (2008).

[3] (Citation omitted.) *Thornton v. Dept. of Transp.*, 275 Ga. App. 401, 403 (1) (620 SE2d 621) (2005).

[4] *Cook v. Micro Craft*, 262 Ga. App. 434, 437 (1) (585 SE2d 628) (2003).

[5] (Punctuation and footnote omitted.) *Luong v. Tran*, 280 Ga. App. 15, 18 (2) (633 SE2d 797) (2006). Accord *Days Inns of America v. Matt*, 265 Ga. 235, 236 (454 SE2d 507) (1995) ("Simply put, without foreseeability that a criminal act will occur, no duty on the part of the proprietor to exercise ordinary care to prevent that act arises").

[6] 267 Ga. 785 (482 SE2d 339) (1997).

[7] (Citation omitted; emphasis in original.) Id. at 786.

[8] (Citation and punctuation omitted.) Id.

[9] (Citations omitted.) Id.

As explained in *Sturbridge*:

> In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the landlord's attention to the dangerous condition which resulted in the litigated incident. Further, the question of reasonable foreseeability of a criminal attack is generally for a jury's determination rather than summary adjudication by the courts.[10]

The Vegas presented evidence of 18 instances of prior criminal activity in, on, or around the premises of the La Movida bar. The trial court denied La Movida's pre-trial motion in limine to exclude this evidence. At trial, however, the trial court admitted evidence of only three prior crimes. Of the fifteen prior crimes excluded by the judge, one occurred inside the bar (the theft of a patron's wallet on November 8, 2003), and fourteen occurred outside, either in the parking lot or in the general neighborhood. The judge excluded these prior crimes on the ground that they were not sufficiently similar to the March 29, 2004, attack upon the Vegas.

As to the November 2003 theft of a customer's wallet, we conclude that the trial court did not abuse its discretion in excluding evidence of this crime, because this crime against property did not give the proprietor notice sufficient to call his attention to the danger of violent crime inside the bar.[11]

---

[10] (Citations and punctuation omitted.) Id.

[11] See *Baker v. Simon Property Group*, 273 Ga. App. 406, 408 (1) (614 SE2d 793) (2005) (crimes against property in mall's parking lot not sufficiently similar to create fact issue as to whether manager of mall could reasonably foresee carjacking and shooting resulting in personal injury in that same parking lot). Accord *Agnes Scott College v. Clark*, 273 Ga. App. 619, 622 (1) (616 SE2d 468) (2005) ("As a matter of law, break-ins to unoccupied cars and other incidents that did not involve person-to-person violence or contact would not make the daytime abduction of [plaintiff] foreseeable," even though the crimes all occurred in the same parking lot) (citations omitted). See also *Doe v. Prudential-Bache/A. G. Spanos Realty Partners*, 268 Ga. 604, 606 (492 SE2d 865) (1997) (prior property crimes in apartment parking lot, chiefly thefts from automobiles and vandalism, were insufficient to create a fact issue as to foreseeability of violent sexual assault against plaintiff in same parking lot).

314

Similarly, the trial court did not abuse its discretion in excluding the evidence of criminal activity that took place outside the bar.[12] As this Court noted in *McCoy v. Gay*,[13] "[g]enerally, it may be said that it is not permissible, for the purpose of establishing whether a condition at one place is dangerous[,] to show conditions at places other than the one in question."[14] In *McCoy*, the Court ruled that two prior crimes, which occurred in locations on the defendant inn's premises other than the parking lot where the litigated incident occurred, were not substantially similar to the litigated crime.[15] The situation in the present case is analogous to that in *McCoy*. The excluded prior crimes took place in the parking lot, whereas the litigated crime occurred inside the bar. The evidence of crimes occurring in the parking lot did not show that La Movida was on notice that, in spite of its efforts to put security precautions in place at the entrance to its bar, a dangerous condition existed *inside* the bar.[16]

(b) The Vegas contend that the trial court erred in denying their motion for mistrial after the court excluded the evidence of prior criminal activity discussed in Division 1 (a) above. Because the trial court had earlier denied La Movida's pretrial motion in limine as to this same evidence, the Vegas assert that they were prejudiced by the court's subsequent exclusion of this evidence after the Vegas had referred to it in their opening statement. This argument fails, however, because a trial court may modify a ruling on a motion in limine.[17]

The Vegas further contend that the trial court based its denial of their motion for mistrial on a misunderstanding of OCGA § 9-11-41. Before the trial in this case took place, this statute had been amended to provide that a plaintiff may voluntarily dismiss his case

---

[12] This evidence included two carjackings; one kidnapping/car theft; one car theft; one stabbing, beating, and aggravated assault with a knife, probably gang-related; one armed robbery at gunpoint; two hit-and-run incidents; one driving under the influence, in which a person was dragged in the parking lot; one person seen brandishing a firearm; and four instances of gunshots fired in or near the parking lot.

[13] 165 Ga. App. 590 (302 SE2d 130) (1983).

[14] (Citation and punctuation omitted.) Id. at 592.

[15] Id. at 592-593. See also *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755, 756 (272 SE2d 592) (1980) (no evidence that bank was aware of dangerous situation in parking lot, where no prior robberies had occurred there, even though police had responded to ten prior alarms at bank).

[16] See *McCoy*, supra; *McClendon*, supra. Compare *Wade v. Findlay Mgmt.*, 253 Ga. App. 688 (560 SE2d 283) (2002) (jury question as to whether risk of assault on customer was foreseeable in light of evidence of similar assault at same place on premises two months earlier).

[17] *Jakobsen v. Colonial Pipeline Co.*, 237 Ga. App. 441, 446 (3) (514 SE2d 851) (1999).

at any time "before the first witness is sworn."[18] Previously, the statute permitted dismissal "at any time before the plaintiff rests his case."[19] The trial court's action in denying a mistrial was not, however, based on a misunderstanding of this statute, because the record reflects that the Vegas' counsel explained the amended provision of the statute to the court. "A trial court's denial of a motion for mistrial will not be disturbed absent a manifest abuse of discretion."[20] We find no abuse of discretion here.

(c) In the first, second, and fourth errors enumerated by the Vegas, they complain that the trial court erroneously gave certain jury charges requested by La Movida, and that the trial court improperly refused certain jury charges requested by the Vegas, dealing with the duty of care, the foreseeability of harm from criminal acts, personal animosity as a cause of injury, and superior knowledge of a dangerous condition. We have reviewed the charges given by the trial court and find that they were supported by the evidence presented at trial. Further, the charges as given adequately covered the substance of the Vegas' requested charges. Therefore, we find no error.[21]

2. Without citing authority, the Vegas assert on appeal that the trial court erred in allowing La Movida to argue that a pre-existing relationship existed between the Vegas and their attacker, Aguirre. However, there was evidence presented at trial that the Vegas knew Aguirre prior to the March 29 attack and that Aguirre and the Vegas came from neighboring small towns in Mexico. As this Court noted in *Cook*,[22] "[e]ven if an intervening criminal act may have been reasonably foreseeable, . . . the true ground of liability is the *superior knowledge* of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm."[23] La Movida would not be liable for the Vegas' injuries, even if it knew of a dangerous condition, if the Vegas "had equal or superior knowledge of the danger and failed to exercise ordinary care to avoid the danger."[24] Thus, the trial court did not err in permitting La Movida

---

[18] OCGA § 9-11-41 (a) (1) (A).

[19] OCGA § 9-11-41 (a) (2002).

[20] (Citation omitted.) *AT Systems Southeast v. Carnes*, 272 Ga. App. 671, 673 (2) (613 SE2d 150) (2005).

[21] See *Hall v. Chastain*, 246 Ga. 782, 785 (6) (273 SE2d 12) (1980).

[22] Supra.

[23] (Citations and punctuation omitted; emphasis in original.) Id. at 438 (1).

[24] (Citation omitted.) Id. (plaintiff's employer did not have superior knowledge of danger to plaintiff from her homicidal husband). See also *Rice v. Six Flags Over Ga.*, 257 Ga. App. 864, 868 (572 SE2d 322) (2002) (amusement park proprietor not liable for criminal attack on plaintiff on park ride; plaintiff had superior knowledge of risk where, even though she was fearful, she did not notify park authorities).

to argue to the jury, based on testimony elicited from the Vegas on cross-examination, that the Vegas had superior knowledge of the danger presented by Aguirre. The jury considered the conflicting evidence and ruled in favor of La Movida.[25] The jury's determination will not be disturbed on appeal where there is any evidence to support it.[26]

3. La Movida's counsel argued in closing that the jury could consider the fact that the Vegas had not called their brother Fredi as a witness at trial, and the fact that the Vegas had not called an expert witness to testify concerning the security arrangements inside the bar. Citing OCGA § 9-10-185,[27] the Vegas contend that these comments were improper and violated certain motions in limine granted by the trial court, and, therefore, that the trial court erred in failing to give curative instructions or to grant a mistrial. We disagree.

Pretermitting the propriety of La Movida's closing argument that the Vegas did not call Fredi Vega as a witness at trial, the record reflects that the Vegas did not object to this argument at the time it was made. Their failure to lodge a timely objection results in the waiver of this allegation of error on appeal.[28]

The Vegas also challenge as improper defense counsel's comments concerning the Vegas' failure to call an expert witness. In context, counsel's argument was as follows:

> Nothing our security could have done would have prevented this [shooting]. And they [(the Vegas)] have presented you no evidence that there would have been a difference.
>
> And I'll tell you this. As old as I am and as long as I've been doing this and as many of these security negligence cases I've tried, I have not had one where the lawyers could not find a security expert to come into court and tell you, these people screwed up.

The Vegas' counsel objected to La Movida's counsel "testifying about

---

[25] See *Reid v. Augusta-Richmond County Coliseum Auth.*, 203 Ga. App. 235, 239 (2) (416 SE2d 776) (1992) (proprietor not liable for injuries to plaintiff resulting from attack by one with "pre-existing personal animosity" to plaintiff) (id. at 237 (1)).

[26] *Booker*, supra.

[27] OCGA § 9-10-185 provides that
[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds. In its discretion, the court may order a mistrial if the plaintiff's attorney is the offender.

[28] See *Booker*, supra at 408-409 (1).

her own personal experience in prior trials" and asked for a curative instruction. The court overruled the Vegas' objection and did not give a curative instruction.

The Vegas assert, first, that the comments by La Movida's counsel quoted above violated the trial court's orders in limine. In their motion in limine number 12, the Vegas asked "[t]hat counsel for the Defendant not express her personal opinions regarding the case, the justness of the case, the credibility of any of the witnesses or as to the culpability of any of the parties." The Vegas' motion in limine number 13 requested "[t]hat the Defendant not mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this case." La Movida's counsel joined in these motions in limine, with the reservation that counsel would remain "certainly entitled to comment freely on the evidence during closing argument." Contrary to the Vegas' contention, the closing comments quoted above did not violate the in limine rulings. La Movida's counsel was improperly testifying, but she did not express a personal opinion or state the probable testimony of a witness. Instead, counsel "merely state[d] what was already clear to the jury, i.e., that no expert testified for the [Vegas]."[29]

In ruling on arguments of counsel objected to under OCGA § 9-10-185, "the trial court is vested with a broad discretion, and its ruling will not be disturbed unless this discretion was manifestly abused."[30] Contrary to the Vegas' contention, the comments made by La Movida's counsel were not so "abominably inflammatory and prejudicial"[31] as to call for a mistrial.[32] "Counsel is permitted wide latitude in closing argument and any limitation of argument is a matter for the trial court's discretion."[33] We discern no abuse of the trial court's discretion in its conclusion that the arguments made by La Movida's counsel were within the permitted bounds.

4. In their last enumerated error, the Vegas argue that La Movida made improper arguments as to causation in its closing. This argument is without merit. La Movida was entitled to argue that the

---

[29] *Foskey v. Williams Bros. Trucking Co.*, 197 Ga. App. 715, 717 (2) (399 SE2d 484) (1990).

[30] (Citation omitted.) *Urban Med. Hosp. v. Seay*, 179 Ga. App. 874, 876 (348 SE2d 315) (1986). Accord *McEachern v. McEachern*, 260 Ga. 320, 322 (2) (394 SE2d 92) (1990).

[31] (Citation omitted.) *Sangster v. Dujinski*, 264 Ga. App. 213, 217 (590 SE2d 202) (2003).

[32] Compare *Steele v. Atlanta Maternal-Fetal Medicine*, 271 Ga. App. 622, 624-625 (1) (610 SE2d 546) (2005) (trial court's failure to give curative instruction was reversible error, where defendants' counsel in closing incorrectly described testimony of plaintiff's expert as to time of fetal death); *Sangster,* supra at 217-218 (plaintiff's verdict reversed where throughout trial plaintiff's counsel had persistently argued facts not in evidence and repeatedly referred to matters forbidden by court order concerning defendant's conduct on earlier unrelated occasions).

[33] (Citations and punctuation omitted.) *Lillard v. Owens*, 281 Ga. 619, 622 (2) (641 SE2d 511) (2007).

prior incidents of criminal activity that were introduced into evidence did not put it on notice of a dangerous situation inside the bar;[34] that Aguirre's criminal act in shooting the Vegas was an intervening cause of the Vegas' injuries, "superseding any negligence of the defendant";[35] and that the Vegas had superior knowledge of the danger due to their prior acquaintance with Aguirre.[36] OCGA § 51-12-33, cited by the Vegas, concerns apportionment of damages between more than one tortfeasor and is inapposite.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 30, 2008.

*Joshua A. Millican,* for appellants.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson,* for appellee.

---

[34] See *Doe,* supra.
[35] (Footnote omitted.) *Baker,* supra at 407 (1).
[36] See *Reid,* supra at 239 (2).
[1] *Waters v. Ellzey,* 290 Ga. App. 693, 694 (1) (660 SE2d 392) (2008).