A08A1935. DRAYTON et al. v. THE KROGER COMPANY et al.
(677 SE2d 316)

JOHNSON, Presiding Judge.

After Edwin Rodriguez robbed and assaulted Mildred Drayton in the parking lot of the Banks Crossing Shopping Center in Fayetteville, Drayton and her husband sued The Kroger Company, which operated the store in which she had been shopping, and A.B./Banks Crossing, Limited Partnership ("Banks Crossing"), which owned the shopping center and parking lot. The trial court granted summary judgment to both defendants, finding that Kroger owed no duty of care to Mrs. Drayton pursuant to OCGA § 51-3-1 because the attack did not occur on its premises or approaches, and that Banks Crossing owed no duty to prevent the assault because no evidence showed the attack was foreseeable. The Draytons appeal, but we find no error and affirm.

Summary judgment is proper when no issue of material fact remains and the movant is entitled to judgment as a matter of law. Defendants may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we review the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

So viewed, the record shows that at approximately 3:00 p.m. on July 5, 2004, Drayton parked her car in the Banks Crossing Shopping Center parking lot in the space closest to the front entrance of the Kroger grocery store. As she approached the store, she noticed a man, later identified as Rodriguez, sitting on the patio furniture on display outside the store entrance.

---

[1] (Citation and punctuation omitted.) *Robinson v. Kroger Co.*, 284 Ga. App. 488 (644 SE2d 316) (2007).

[2] *McAfee v. ETS Payphones*, 283 Ga. App. 756 (642 SE2d 422) (2007).

After shopping for approximately 45 minutes, Drayton returned to her car and noticed that Rodriguez remained seated on the patio furniture. As Drayton put groceries in the trunk of her vehicle, Rodriguez approached her, ignored her warning to stay away, and began hitting her. Rodriguez took Drayton's car keys and continued hitting her until he was restrained by two men who had witnessed the attack.

The Draytons claim that an issue of material fact remains as to whether the attack occurred within an "approach" to the Kroger store as provided in OCGA § 51-3-1.[3] This Court has already found that an approach to a grocery store includes the "sidewalk immediately in front of and adjacent to the premises . . . , but it [does] not include the landlord owned and maintained parking lot adjacent to the sidewalk."[4] Moreover, even if the Draytons could show that Kroger exercised a sufficient amount of control over the parking lot in front of its store so that the area was not exclusively "maintained" by Banks Crossing, summary judgment would have still been proper because the Draytons failed to introduce any evidence showing that the attack was reasonably foreseeable by either Kroger or Banks Crossing.[5]

An intervening criminal act by a third party generally insulates an owner or occupier of land from liability unless such criminal act was reasonably foreseeable.[6] In order to be reasonably foreseeable, the criminal act "must be substantially similar in type to the previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers against the risk posed by that type of activity."[7]

> In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the par-

---

[3] "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

[4] *Food Lion v. Isaac*, 261 Ga. App. 311, 313 (582 SE2d 476) (2003); see also *Robinson*, supra, at 489-490.

[5] See *Norby v. The Heritage Bank*, 284 Ga. App. 360, 361-362 (644 SE2d 185) (2007).

[6] *Agnes Scott College v. Clark*, 273 Ga. App. 619, 621 (1) (616 SE2d 468) (2005).

[7] (Citation and punctuation omitted.) *Vega v. La Movida, Inc.*, 294 Ga. App. 311, 312 (1) (a) (670 SE2d 116) (2008).

ticular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the [owner or occupier's] attention to the dangerous condition which resulted in the litigated incident. Further, the question of reasonable foreseeability of a criminal attack is generally for a jury's determination rather than summary adjudication by the courts.[8]

Here, the Draytons presented evidence that an armed robbery occurred at the Kroger store at 10:15 p.m. on May 4, 2003, in which an intruder took $5,000 from a Kroger employee. There is no indication that the robbery, which occurred inside the store and not in the parking lot, involved any Kroger customers. The Draytons also presented evidence of numerous nonviolent property crimes, such as shoplifting, occurring inside the Kroger store, one act of distributing obscene materials at the store, and several customers falling in the parking lot during the several years prior to the attack on Mrs. Drayton. None of these incidents, however, put Kroger or Banks Crossing on notice that customers were in danger of being the victim of violent criminal activity in the parking lot.

The Draytons also rely on an uncertified and unauthenticated document that they maintain lists each request for police assistance originating from Banks Crossing from 2000 until 2006. The list includes dozens of nonviolent property crimes occurring at Kroger and the other commercial establishments conducting business at Banks Crossing, as well as several crimes against persons, including an entry for an assault against an unlisted victim taking place at the Kroger store in August 2000. However, even if the list indicated that Kroger customers were in danger of being assaulted in the parking lot, because the list is not certified or authenticated, it cannot be considered in our de novo evaluation of whether summary judgment on the issue of foreseeability was warranted.[9]

Similarly, we note that the Draytons attached numerous exhibits to their appellate brief, many of which contain documents that are not included in the appellate record. Pursuant to Court of Appeals Rule 24 (g), "[d]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, shall not be considered on appeal."[10]

The only admissible evidence presented by the Draytons of a

---

[8] (Citation and punctuation omitted.) Id. at 313 (1) (a).

[9] *Baker v. Simon Property Group*, 273 Ga. App. 406, 407 (1) (614 SE2d 793) (2005).

[10] See *Gateway Atlanta Apts. v. Harris*, 290 Ga. App. 772, n. 1 (660 SE2d 750) (2008).

crime similar to the attack on Mrs. Drayton was an armed robbery and aggravated assault that took place in the parking lot outside the Kroger store in June 2006. Given that the 2006 crime took place *after* the attack on Mrs. Drayton, and that the Draytons failed to bring forward any evidence of a substantially similar crime that occurred prior to the attack, summary judgment was properly granted in favor of Kroger and Banks Crossing.[11]

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MARCH 2, 2009 —
RECONSIDERATION DENIED APRIL 14, 2009.

*Stephenson & Reynolds, Pamela S. Stephenson*, for appellants.
*Buckley King, Diem N. Kaelber, Douglas A. Wilde*, for appellees.

---

[11] *Agnes Scott*, supra, at 622-623 (1).