# Richmond

## RUFUS McCOY v. COMMONWEALTH OF VIRGINIA.

April 21, 1941.

Record No. 2400.

Present, All the Justices.

*W. L. Devany, Jr.*, for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

Rufus McCoy was convicted of illegally manufacturing ardent spirits and given the maximum punishment—con-

finement in the penitentiary for the period of three years.

The only error assigned in the petition filed in this court is that "there was not sufficient evidence to establish the guilt of the accused beyond a reasonable doubt."

Between 6:00 and 7:00 A. M., on April 26, 1940, four officers, including E. O. Cockes, sheriff of Surry county, raided a still that they had previously located about one-half mile from the home of the accused. As the officers approached from different directions, one of them saw two men working around the still. At sight of the officer, these men fled. Within a few minutes Sam Butler and the accused were arrested and brought back to the site of the still. Sam Butler was recognized and positively identified by V. G. Spivey, an officer, as one of the men he had previously seen at work. Spivey did not swear that the accused was the other man. Sheriff Cockes stated that he did not see the accused at the still, but that he saw him running with Sam Butler through the woods. R. E. Arrington, another officer, said that he captured the accused about 400 yards from the still site while he was running away.

Sam Butler testified that he owned the still, that he was operating there on this particular day, and that he had operated it in February and March while the accused was in jail serving a sentence for a prior violation of the Alcoholic Beverage Control law. On cross examination, he stated that he and the accused were the only men at the still before the arrival of the officers on the morning of the raid.

The substance of the evidence for the accused was that the still was owned and operated by Butler and that the accused was arrested while on his way to the still for the sole purpose of obtaining a drink.

As the evidence for the accused is in conflict with that introduced by the Commonwealth, the finding of the jury is determinative of the issue. The judgment of the trial court is

*Affirmed.*