## 56421. REED v. ARRINGTON-BLOUNT FORD, INC. et al.

McMurray, Judge.

Stephen L. Reed purchased an automobile from Arrington-Blount Ford, Inc., giving the dealership a check for $100 as down payment on the automobile. Shortly thereafter Reed contacted the automobile dealership and notified them that due to a medical emergency he did not have a sufficient balance in his account to cover the check. He was referred to Mrs. Shafer, an employee of the automobile dealership, who reached an agreement with him whereby he was to pay the $100 represented by the check in installments. Reed paid $30 and after several months had elapsed with no further payments, the dealership notified him that unless he paid the amount remaining a criminal warrant would be taken out for him. Reed failed to make any additional payment, and Mrs. Shafer, acting as the agent and employee of Arrington-Blount Ford, Inc., swore out a warrant for his arrest charging him with issuing a bad check. Reed was arrested and released on bond. An investigator with the office of the solicitor of the State Court of Gwinnett

County investigated the case. On the basis of his findings, no prosecution of plaintiff has occurred.

Plaintiff brought this action for malicious prosecution, false arrest and incarceration against defendants Arrington-Blount Ford, Inc. and Mrs. Shafer. At the trial, the investigator of the State Court of Gwinnett County testified that the warrant was returned to the issuing justice of the peace and both plaintiff and defendants were notified the case was dismissed.

At the close of plaintiff's evidence the defendants moved for directed verdict. Defendants' motion was denied as to Arrington-Blount Ford, Inc., but granted as to Mrs. Shafer, the trial court holding that because all actions taken by Mrs. Shafer were on behalf of defendant Arrington-Blount Ford, Inc. as an agent, officer and employee of that company that Mrs. Shafer was not individually liable for her acts. The jury returned a verdict in favor of the plaintiff and against Arrington-Blount Ford, Inc., and a final judgment was entered. The plaintiff appeals the order granting Mrs. Shafer's motion for directed verdict. *Held:*

1. Under our Rule 14 (e) (Code Ann. § 24-3614 (e)), and Code Ann. § 6-809 (d) (Ga. L. 1965, pp. 18, 19; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986)), the motion to dismiss the appeal because the notice of appeal incorrectly stated the date of the judgment is denied. *Bethsaida Development, Inc. v. Charter Land &c. Corp.*, 232 Ga. 641, 642-643 (208 SE2d 462).

Another ground of the motion to dismiss is made based on plaintiff-appellant's failure to cause the transcript of the trial of this case to be filed within the time period provided by Code Ann. § 6-806. This court is without authority to dismiss any appeal because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time provided by law or order of court. See Code Ann. § 6-809 (b), supra. The record shows no motion to dismiss in the trial court, and therefore, this appeal contains no ruling for consideration on appeal to this court. This ground of the motion to dismiss the appeal is also without merit.

2. The trial court ruled that because all actions

taken by Mrs. Shafer were on behalf of defendant Arrington-Blount Ford, Inc. as an agent, officer and employee of the company, she was not individually liable for her acts. It is true that an agent is not ordinarily liable to third persons for mere nonfeasance. See *Kimbrough v. Boswell,* 119 Ga. 201 (45 SE 977). An agent is, however, liable to third persons for misfeasance or malfeasance. The liability in those cases being predicated upon breach of a duty owed by the agent to the injured party. See *Owens v. Nichols,* 139 Ga. 475, 477 (1) (77 SE 635); *Ramey v. Pritchett,* 90 Ga. App. 745, 753-754 (3) (84 SE2d 305). This case does not involve nonfeasance.

Nor is this a case in which a defendant had in good faith truthfully communicated to the prosecuting attorney all facts known in relation to a proposed criminal charge against another and been advised by the prosecuting attorney that the facts as stated constituted an offense. Compare *Hicks v. Brantley,* 102 Ga. 264, 269 (2a) (29 SE 459).

Although Mrs. Shafer was acting entirely in the course of her employment with Arrington-Blount Ford, Inc., this presents no bar to plaintiff's action against her and the trial court erred in directing a verdict in favor of Mrs. Shafer. See *Howell v. Ayers,* 129 Ga. App. 899, 901 (4) (202 SE2d 189) and cits. Plaintiff is entitled to present his action against Mrs. Shafer to a jury and she to present her defenses.

3. At trial the defendants argue that the plaintiff had not fulfilled his burden of proving the termination of the bad check case in favor of the plaintiff. However, the investigator with the office of the solicitor of the state court testified that based on his investigation he had returned the original warrant to the justice of the peace, and he had notified Mrs. Shafer, the sheriff, and others, that the case had been dismissed and that in his capacity as an investigator in the solicitor's office he had dismissed the case. As the Supreme Court of Georgia has pointed out: "A prosecution may be ended, within the meaning of Code § 105-806, either by action, or perhaps *inaction,* of the prosecutor or of the magistrate, the district attorney, or a grand or petit jury." (Emphasis supplied.) *Ayala v. Sherrer,* 234 Ga. 112, 116 (214 SE2d 548). At trial there

was some evidence that the bad check case against Reed was terminated in his favor by the actions of an agent of the Gwinnett County solicitor. Defendants were free to rebut this evidence by showing that, in fact, the prosecution has not ended, but defendants failed to present any such evidence at trial. This argument in favor of defendant Shafer's motion for directed verdict is without merit.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED JANUARY 5, 1979.

*Barnes & Browning, Roy E. Barnes, Thomas J. Browning,* for appellant.
*James W. Garner, W. Charles Ruis,* for appellees.