**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 15, 2013

# In the Court of Appeals of Georgia

A13A0591. BOONE v. UDOTO et al.                                    DO-033

DOYLE, Presiding Judge.

Torian Boone filed suit against Gilbert Udoto and Johnny Brown d/b/a Sandtrap Club & Lounge and Sunnyraj, Inc., after Boone sustained injuries from a patron of Sandtrap Club & Lounge ("the Club") who assaulted him in the parking lot. Boone now appeals the trial court's grant of defendants' motions for summary judgment, contending the trial court erred by: (1) finding that the attack was not reasonably foreseeable; (2) finding that he had equal or superior knowledge to appellees and had the last clear chance to avoid the injury; (3) failing to consider his expert's affidavit opining on issues involving negligence, causation, and foreseeability; and (4) finding that Sunnyraj, Inc., was an out-of-possession landlord

because it retained certain rights as to the Sandtrap Club & Lounge. For the reasons below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Viewed in this light, the record shows that on February 26, 2010, Boone and his friend, Curtis Ware, were at the Club, when the two saw Quantavious Thomas, whom they did not know, enter the Club and walk into the VIP section, where he initiated an altercation with several other patrons. The music stopped, and Thomas was physically removed from the Club by Conce Hill, a security guard. Thomas assaulted Hill as he removed him from the Club, and Thomas seemed out of control, threatening to kill Hill. Another patron of the Club warned Hill of Thomas's propensity for gun-violence, telling Hill that "you all need to watch [Thomas], you

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

2

know, because he's crazy, he'll go to his car and get a gun and come back and try to shoot you."

After Hill ejected Thomas to the parking lot, Thomas retrieved a handgun from his vehicle and discharged the weapon in the air multiple times. Thomas reentered the Club and discharged the handgun, causing the patrons to panic and frantically exit the building. After Thomas exited the Club again, Boone and Ware decided to leave, but while searching for Ware's vehicle in the parking lot, Boone found himself five to ten feet in front of Thomas, who was still carrying a handgun. Although Ware walked to the right of Thomas and escaped injury, Boone was too panicked to escape in another direction and instead attempted to walk quickly past Thomas. As Boone was passing Thomas, Thomas raised his handgun and struck Boone in the eye. As a result of the attack, Boone lost vision in his right eye.

Boone filed claims against Udoto and Brown, as owners of the Club (collectively "the Club owners"), and Sunnyraj, as the owner of the property ("the landlord"), to recover damages for his injuries, which he alleged were proximately caused by the defendants' negligence. The trial court granted the defendants' motions for summary judgment, and Boone appeals. For the reasons that follow, we affirm the trial court's grant of summary judgment to the landlord and Club Owners.

3

*Club Owners*

1. On appeal, Boone contends that the trial court erred by finding that Thomas's attack was not reasonably foreseeable to the Club Owners. We disagree.

"Foreseeable consequences are those which are *probable*, according to ordinary and usual experience, those which, because they happen so frequently, may be expected to happen again. One is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and *slightly probable*."[2] "Said in a different way, one is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what is only remotely and slightly probable."[3]

"Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further

---

[2] (Citation and footnote omitted; emphasis in original.) *Dowdell v. Wilhelm*, 305 Ga. App. 102, 105 (1) (699 SE2d 30) (2010).

[3] (Citation and footnote omitted.) *Sotomayor v. TAMA I, LLC*, 274 Ga. App. 323, 327 (2) (617 SE2d 606) (2005) (physical precedent only); *Thompson v. Princell*, 304 Ga. App. 256, 261-262 (696 SE2d 91) (2010) (same).

measures might be required."[4] A plaintiff cannot survive summary judgment based upon allegations of negligent security if the particular crime was unforeseeable.[5]

In this case, Boone was injured in the parking lot when he was randomly hit on the head with a gun held by Thomas, a person with whom he had had no previous interaction that evening in the Club and whom he did not know. As with Boone, it is undisputed that the Club's personnel did not know Thomas, and other than the patron's off-hand comment regarding Thomas's propensity to wield a gun, had no prior knowledge of Thomas's propensities before the evening in question. Moreover, prior to the incident with Thomas, the Club had never experienced another incident with a gun, never found a gun while frisking patrons before they entered the Club, never had any altercations involving a weapon at the Club, and never experienced a patron attempting to reenter the Club after being removed as a result of a physical altercation. Additionally, based on security personnel's prior experience, patrons always left the premises when asked to do so. Finally, the record shows that the previous fights at the Club mostly involving "shoving" and fist fights.

---

[4] (Citation and footnote omitted.) *Baker v. Simon Property Group*, 273 Ga. App. 406, 409 (2) (614 SE2d 793) (2005).

[5] See id.

Each segment of the incident with Thomas unfolded rapidly and took an unforeseen turn when it resulted in Boone's random injury in the parking lot. For example, while another patron warned Hill that Thomas would get a gun and return, he had no time to react because he heard gun fire only a few seconds later. Likewise, Thomas's car was parked right outside the club door, and he ran to his car to retrieve his gun within a minute or two after being pulled off of Hill. And, as soon as Thomas obtained his gun, he fired into the air and ran toward the Club door within a few seconds. He remained inside the club with the gun for only ten to sixty seconds before exiting again.

Boone relies on *Confetti Atlanta, LTD. v. Gray*,[6] and *Good Ol' Days Downtown v. Yancey*[7] to argue that the lack of prior gun violence and the rapidity to the events

---

[6] 202 Ga. App. 241, 243-244 (1) (414 SE2d 265) (1991) (assailant's use of a vehicle to injure another patron after a physical altercation between the two did not preclude finding that the attack was reasonably foreseeable harm against which the defendant had to protect). See also *Sturbridge Partners v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997) (evidence of prior burglaries was sufficient to give rise to a triable issue as to whether landlord had duty to exercise ordinary care to safeguard against risks posed by prior burglaries where the plaintiff was raped).

[7] 209 Ga. App. 696, 698 (2) (434 SE2d 740) (1993) (holding that question of fact as to whether attack by one patron on another was reasonably foreseeable because assailant's loud and abusive behavior continued to escalate for over five minutes prior to physical altercation).

do not require a finding that his injury was unforeseeable.[8] Those cases, however, involved an escalation of ongoing altercations between the plaintiffs and their assailants, but they do not involve an assailant injuring a random patron with whom he had no prior contact. In contrast here, the altercation inside the Club between Thomas, other patrons, and security did not provide notice that Thomas would randomly hit a patron in the parking lot who had not been involved in the initial altercation or Thomas's removal from the Club.[9] In comparing the "location, nature and extent of the prior criminal activities" here, there is simply no "likeness,

---

[8] See *Good Ol' Days Downtown*, 209 Ga. App. at 698 (2); *Confetti Atlanta, LTD*, 202 Ga. App. at 243-244 (1).

[9] See *W.D. Enterprises, Inc. v. Barton*, 218 Ga. App. 857, 858-859 (463 SE2d 529) (1995) (holding that attack on another bar patron was unforeseeable because, while assailant was loud and rude, nothing indicated he was likely to become violent with others).

proximity or other relationship to the crime in question."[10] Accordingly, the trial court did not err by finding that the attack was not reasonably foreseeable.

2. Based on our holding in Division 1, it is unnecessary to address Boone's contention that the trial court erred by finding that he had equal or superior knowledge to the Club Owners and that he had the last clear chance to avoid injury, or his contention that the trial court erred by failing to consider his expert's affidavit opining on issues involving negligence and causation.[11]

*Landlord*

---

[10] *Sturbridge Partners*, 267 Ga. at 786. See also *Drayton v. Kroger Co.*, 297 Ga. App. 484, 486-487 (677 SE2d 316) (2009) (armed robbery of employee inside the store that did not involve customers did not render robbery and aggravated assault of customer in parking lot reasonably foreseeable); *Vega v. La Movida*, 294 Ga. App. 311, 314 91) (a) (670 SE2d 116) (2008) (trial court properly excluded evidence of gun use in bar's parking lot to show reasonable foreseeability of shooting inside the bar); *Hunter v. Cabe Group*, 244 Ga. App. 162 (535 SE2d 248) (2000) (attack on plaintiff was unforeseeable because no evidence of an escalating course of conduct between the assailant and the plaintiff).

[11] Boone also argues that the trial court erred by failing to consider that portion of his expert's affidavit regarding foreseeability. Whether or not to consider expert testimony on the issue of foreseeability is within the discretion of the trial court, and we find no abuse of discretion here. See *Raines v. Maughan*, 312 Ga. App. 303, 308 (2) (c) (718 SE2d 135) (2011) (physical precedent only); *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361-362 (3) (b) (489 SE2d 99) (1997).

3. On appeal, Boone contends that the trial court erred by failing to find that a question of material fact existed as to whether the landlord was an out-of-possession landlord because he retained certain rights as to the premises. We disagree.

"Landlords who fully part with possession and the right of possession of the premises are not liable to third parties for damages arising from the tenant's negligence"[12] pursuant to OCGA § 44-7-14, which provides:

> [h]aving fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

"[A] landlord's right to inspect is not the equivalent of the right to possess premises, so as to make the landlord liable under OCGA § 44-7-14. Landlords still fully part with possession of leased premises when they retain limited entry or inspection rights for landlord-related purposes."[13]

---

[12] *Lake v. APH Enterprises, LLC*, 306 Ga. App. 317, 319 (702 SE2d 654) (2010).

[13] (Citations and punctuation omitted.) Id.

Here, the Club Owners were responsible for maintenance, repair, and replacement, and the landlord had no obligation to repair or maintain. Nevertheless, the landlord did have the right to inspect and enter the premises and could, in its own discretion, increase security at the sole cost of the Club Owners. Such limited rights, however, do not "evidence such dominion and control of the premises so as to vitiate the landlord's limited liability imposed by OCGA § 44-7-14."[14] Accordingly, the trial court properly granted summary judgment to the landlord.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[14] (Punctuation omitted.) Id. at 320.