**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, P. J., and BROWN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**April 14, 2021**

# In the Court of Appeals of Georgia

A21A0467. THE RETAIL PROPERTY TRUST v. MCPHAUL et al.

BROWN, Judge.

In this interlocutory appeal, the Retail Property Trust ("RPT"), owner of Lenox Square Mall, appeals the order denying its motion for summary judgment in this action for damages filed by Gwendolyn McPhaul, her husband, Ray McPhaul, and her daughter, Dana McPhaul, arising out of an incident in the mall parking lot during which Gwendolyn was struck by a vehicle driven by Jessika Blanton. RPT argues, among other things, that Blanton's act of driving into Gwendolyn was not reasonably foreseeable. We agree and reverse the order denying summary judgment to RPT.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant

may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. Further, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citation and punctuation omitted.) *Med. Center Hosp. Auth. v. Cavender*, 331 Ga. App. 469, 470 (771 SE2d 153) (2015) (physical precedent on other grounds). Viewed in the light most favorable to the McPhauls, the evidence shows that on February 14, 2015, Dana McPhaul and her mother, Gwendolyn McPhaul, were driving into Lenox Square Mall when they collided with Blanton's SUV. Dana and Blanton exited their respective vehicles, shouting and arguing loudly about the incident, each accusing the other of causing the collision. Dana testified that she was upset and that Blanton was "really upset [and] extremely angry" and that both she and Blanton "us[ed] profanity," but Blanton never threatened Dana. A retired police officer, in uniform

2

and working mall security that day, reported to the "altercation" and noticed that there was "finger-pointing going on." After observing that the women were agitated, the officer made sure "everybody was reasonably well-calmed down" and then directed the women to move their vehicles to an adjacent parking lot, where they parked back-to-back, about two-car-lengths apart from each other. According to the officer, the arguing had stopped by this point and "both parties were fully calmed."

While the officer was speaking with Blanton, Dana walked over; Dana acknowledged that she would not have walked over to Blanton if she had felt unsafe. According to Dana, the officer "couldn't control the situation" and the "situation was hostile"; Blanton was irate and pointed her finger at Dana's face, but Dana never feared for her life. Dana walked away from Blanton and proceeded to lean on the back of her vehicle with Gwendolyn. The officer finished speaking with Blanton and told her she was free to go. Blanton asked for directions to the exit and then got into her vehicle to leave. In the meantime, the officer walked over and began speaking with Dana and Gwendolyn who were still leaning on the back of Dana's vehicle. As they were speaking, Blanton's vehicle suddenly reversed at a high rate of speed, knocking Gwendolyn to the ground and pinning her left leg under the tire. According to Dana, Blanton's vehicle "flew back so fast. . . like a shot out of a — I don't know."

3

Dana confirmed that had she felt that she was in a "dangerous situation, [she] would . . . have moved [her] position."

The eyewitness to the incident deposed that she was sitting on a bench outside the mall, adjacent to the scene, when she heard two women shouting and arguing loudly and observed an officer attempting to diffuse the situation, but noted that he did not seem to have control over the situation. The scene became quiet, and then the witness heard a loud noise and observed Blanton's vehicle reverse, hit a tree, and then run over a curb. The witness heard Dana scream, "You killed my mama," and then observed Blanton get out of her vehicle. Blanton was "totally hysterical"; seemed to be in shock; was crying profusely; and said to Dana, "I'm sorry, I didn't mean to do it." The witness recalled hearing the engine of Blanton's vehicle "rev up," but that the "revving was not a warning signal." Gwendolyn suffered various injuries, including amputation of her left leg.

The McPhauls sued Blanton, RPT, and Allied Universal, which provides security services for the mall. As relevant here, the McPhauls asserted claims against RPT for premises liability, negligent security, and vicarious liability for the

negligence of the officer. After some discovery was completed,[1] RPT moved for summary judgment, asserting, in relevant part, that Blanton's act of driving into Gwendolyn was not reasonably foreseeable. The trial court summarily denied RPT's motion but certified its order for immediate review. This Court granted RPT's application for interlocutory appeal to consider whether the trial court erred in denying RPT's motion for summary judgment.

---

[1] Two days after the trial court denied RPT's motion for summary judgment, it granted the McPhauls' motion to compel responses to discovery requests. In particular, the court granted the McPhauls' motion to compel the defendants to produce the following:

> all documents in [the defendants'] possession, custody, or control that concern or relate to all assaults, batteries, murders, and crimes involving the use of a gun or deadly weapon that occurred on, or immediately adjacent to, the Premises from February 1, 2010 through and including the present[;]
>
> . . .
>
> all police reports/incident reports concerning any and all assaults, batteries, murders, and crimes involving the use of a gun or deadly weapon that occurred on, or immediately adjacent to, the Premises from February 1, 2010 through and including the present[; and]
>
> . . .
>
> all Lenox Square Command Center Logs referencing [the officer for the] two years before and two years after the subject accident.

1. RPT contends that it is entitled to summary judgment on the McPhauls' negligence/premises liability claim because the incident was not reasonably foreseeable. The McPhauls characterize Blanton's act of reversing into Gwendolyn as an act of "road rage" which was reasonably foreseeable based on prior similar incidents at the mall, and that the officer should have recognized Blanton's road rage and called for back up. For the following reasons, we agree with RPT.

(a) It is well settled that the McPhauls must establish the following elements to support their negligence claim: Duty, breach, causation, and injury or damages. See *Cavender*, 331 Ga. App. at 472 (1). In a premises liability claim, the owner or occupier of land owes a duty to an invitee to keep the premises and approaches safe. See OCGA § 51-3-1. However, "[a] property owner is not an insurer of an invitee's safety, and an intervening criminal act by a third party generally insulates a proprietor from liability unless such criminal act was reasonably foreseeable." (Citation and punctuation omitted.) *Ratliff v. McDonald*, 326 Ga. App. 306, 312 (2) (a) (756 SE2d 569) (2014). Put another way, "[i]f the [owner] has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters." (Citation and punctuation omitted.) *Cavender*, 331 Ga. App. at 473 (1). But, an owner "is not bound to anticipate or foresee and provide against

6

that which is unusual or that which is only remotely and slightly probable." (Citation and punctuation omitted.) Id. at 474 (1). Indeed, without foreseeability that a criminal act by a third party will occur, the proprietor has no duty to exercise ordinary care to prevent the act. See id.

One way to establish foreseeability is to show that the property owner has notice of substantially similar prior criminal acts. See *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997).

> In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the [defendant's] attention to the dangerous condition which resulted in the litigated incident.

(Punctuation omitted.) *Ratliff*, 326 Ga. App. at 312-313 (2) (a), citing *Sturbridge*, 267 Ga. at 786. "Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate." (Citation and punctuation omitted.) *Cavender*, 331 Ga. App. at 474 (1). Additionally,

7

"it is the [p]laintiffs' burden to establish that the property owner had knowledge of the previous substantially similar crimes on or near the premises upon which the plaintiffs rely to establish foreseeability." Id.

In this case, the McPhauls point to five incidents in the mall parking lot, occurring in 2010, 2011, 2012, and 2013, which they similarly characterize as incidents of "road rage." Pretermitting whether Blanton's act was an act of "road rage," none of the five incidents identified by the McPhauls are substantially similar to the incident here. In the first place, none of the five incidents involved an act of "road rage" in front of law enforcement, and all but one involved altercations over parking spots, and included intentional acts of physical violence (i.e., twice backing into woman who was trying to reserve parking spot for her friend by standing in it and shoving victim who pulled into parking space ) or acts of vandalism that were preceded by threatening words and/or behaviors, including a racist tirade (i.e., removing stem from victim's tire after screaming at victim for taking parking space and cutting off victim trying to get parking space and repeatedly screaming, "stupid white bitch" ).

The location of the five incidents is the only similarity to this case; nothing about those incidents would have made the unfortunate incident here foreseeable to

8

RPT or the officer. Cf. *Cavender*, 331 Ga. App. at 475 (1) (a) (prior incidents of criminal activity at hospital, none of which involved murder, a shooting, discharging a weapon, or significant injury, insufficient to satisfy plaintiffs' burden to establish foreseeability in action against hospital stemming from murderous rampage by man whose mother was treated and died at hospital). "Foreseeable consequences are those which, because they happen so frequently, may be expected to happen again." (Citation, punctuation, and emphasis omitted.) Id. Incidents that are so "unusual, contrary to ordinary experience, and rare" are not ones that are legally foreseeable and capable of being guarded against. (Citation and punctuation omitted.) See id. See also *Boone v. Udoto*, 323 Ga. App. 482, 484 (1) (747 SE2d 76) (2013) ("[o]ne is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and *slightly probable*") (citation and punctuation omitted; emphasis in original). Such is the case here. The incident here was not legally foreseeable, and the prior incidents in the mall's parking lot are insufficient to create a factual issue as to whether RPT and/or the officer could reasonably anticipate that a collision at the entrance to the mall would escalate such that one of the individuals involved would reverse her vehicle into three people, including a uniformed officer. See *Baker v. Simon Property Group*, 273 Ga. App. 406, 408 (1) (614 SE2d 793) (2005) (prior

9

property crimes in the mall's parking lot insufficient to create a factual issue as to whether the defendant-owners could reasonably foresee that a carjacking and shooting resulting in personal injury might occur). See also *Ratliff*, 326 Ga. App. at 313 (2) (a) (without evidence of prior similar incidents in jail parking lot, act of running vehicle into plaintiff in the presence of law enforcement not reasonably foreseeable).

Moreover, even though Blanton may have been "irate" about the collision and pointed her finger in Dana's face, there is no evidence that Blanton made any specific or immediate threats toward Dana or Gwendolyn. In *Ratliff*, a case heavily relied upon by RPT, this Court addressed a more egregious incident and affirmed the trial court's grant of summary judgment to the defendants. 326 Ga. App. at 313 (2) (a). In that case, the plaintiff sued the Cobb County Sheriff and six of his deputies on the basis of premises liability, after her friend's boyfriend's ex-girlfriend struck the plaintiff with her vehicle in the parking lot of the Cobb County Adult Detention Center while the plaintiff and her friend were picking up the boyfriend who had been incarcerated. The ex-girlfriend had threatened to kill the plaintiff's friend previously, and there was evidence showing that the deputies were aware the ex-girlfriend was "'crazy.'" Id. at 307. When the plaintiff went to pick up the boyfriend, she observed the ex-girlfriend

in the parking lot. She advised the deputies, and, as a precaution, the deputies followed the plaintiff and her friend to the pick-up area in a separate vehicle. As the two women traversed the parking lot, a deputy heard the ex-girlfriend yell out her vehicle window, "'Bitch, if you go down there, I'll run your ass over.'" Id. at 308. The ex-girlfriend then gunned her vehicle, striking the two women. Id. at 307-308.

This Court affirmed the trial court's grant of summary judgment to the defendants on the plaintiff's claims for premises liability and respondeat superior, finding that the plaintiff presented no evidence of any similar incidents in the parking lot, no evidence of any specific, immediate threats made by the ex-girlfriend, and no prior acts of violence by the specific individual known to the plaintiff or defendants. *Ratliff*, 326 Ga. App. at 313 (2) (a). We therefore concluded that the plaintiff failed to establish that it was reasonably foreseeable to the deputies that the ex-girlfriend would strike the plaintiff with her truck in the parking lot in front of at least four deputies. Id. at 313 (2) (a). We also pointed out that "even if an intervening criminal act may have been reasonably foreseeable, the true ground of liability is the *superior* knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm," and concluded that the plaintiff had at least an equal, if not superior, knowledge of the degree of the threat posed by the ex-

11

girlfriend and consequently, had an equal or greater degree of foreseeability. (Citation and punctuation omitted; emphasis in original.) Id. Likewise, in this case, given the lack of evidence of any specific, immediate threat, and no prior act of violence by Blanton known to RPT, the McPhauls have "failed to establish that it was reasonably foreseeable to [the officer] that [Blanton] would strike [Gwendolyn] with her [vehicle] in the [mall] parking lot directly in front of [law enforcement]." *Ratliff*, 326 Ga. App. at 313 (2) (a).

(b) With regard to the question of superior knowledge, even assuming that RPT and/or the officer should have foreseen the danger, Dana and Gwendolyn's act of leaning on the rear of their vehicle, directly behind Blanton's vehicle and in sight of the officer, excluded any possibility that the officer had "superior knowledge . . . of the existence of a condition" that may have subjected Gwendolyn to an unreasonable risk of harm, i.e., that Blanton was angry enough after the collision to use her vehicle as a weapon and intentionally reverse it into Gwendolyn. *Ratliff*, 326 Ga. App. at 313 (2) (a). See also *Brownlee v. Winn-Dixie Atlanta, Inc.*, 240 Ga. App. 368, 370 (2) (523 SE2d 596) (1999) ("the inquiry is whether the proprietor had superior knowledge of the danger that a third party would so act"). We note as well that if the officer had superior knowledge, he likely would not have placed himself in danger

12

by standing with Gwendolyn and Dana at the rear of Dana's car, directly behind Blanton's vehicle.

(c) Finally, the McPhauls' attempt to show foreseeability through the affidavit of a criminologist also fails. The criminologist opined that Blanton "experienced a condition which is commonly called 'road rage.'" According to the criminologist, "road rage" includes behaviors such as rude and offensive gestures, verbal insults, physical threats, or dangerous driving methods targeted toward another driver or a pedestrian. The criminologist's opinion, however, fails to identify any specific behavior by Blanton that could be characterized as road rage; it simply provides a generalized discussion of road rage and its characteristics which is insufficient to create an issue of fact as to foreseeability. See, e.g., *Brown v. All-Tech Investment Group*, 265 Ga. App. 889, 895-896 (1) (595 SE2d 517) (2003) (experts' opinions which discussed generalized concepts of violent reactions to financial disaster and workplace violence insufficient to create issue of fact as to foreseeability of shooting spree at the offices of two day-trading firms which killed nine people); *Cavender*, 331 Ga. App. at 476 (1) (a) (expert's opinion which relied on generalized increase in healthcare violence without specific reference to such violence insufficient to create issue of fact as to foreseeability). There is no evidence in the record that Blanton

13

engaged in any of these behaviors. While Dana deposed that Blanton pointed a finger in her face, she never stated that the conduct was rude or offensive; that she felt threatened or unsafe; or that she feared for her life. And aside from using profanity, there is no evidence that Blanton insulted Dana, threatened her, or targeted her with her vehicle previous to the incident while the two women were moving their cars to the parking lot. Finally, the affidavit fails to show how Blanton's "road rage" made the specific injury in this case foreseeable to RPT.

(d) The McPhauls seemingly contend that it would be premature to grant summary judgment to RPT because "[u]pon information and belief, there are other similar incidents that occurred within five (5) years prior to February 14, 2015[,] that are in [RPT's] possession; however [RPT] has continuously failed and refused to produce such evidence." We are not persuaded. As set out in footnote 1, supra, the documents the McPhauls seek from RPT — and which are the subject of the trial court's order to compel — will in no way establish the element of "foreseeabilty of risk" as they are related to assaults, batteries, murders, and crimes involving the use of a gun or deadly weapon that occurred on or adjacent to the mall from February 1, 2010, through and including the present; such crimes are not substantially similar to the incident at issue here. See *Drayton v. Kroger Co.*, 297 Ga. App. 484, 486 (677

14

SE2d 316) (2009) (evidence of prior nonviolent property crimes, robbery of store employee, and falls in grocery store parking lot not substantially similar to prove that robbery and assault of customer in same parking lot was reasonably foreseeable to defendant-owner); *Baker*, 273 Ga. App. at 407-408 (1).

(e) For the above-stated reasons, we reverse the trial court's order denying summary judgment to RPT.

2. Pursuant to the doctrines of respondeat superior and apparent authority, the McPhauls sought to impose vicarious liability on RPT on the basis that the officer failed to exercise care because he did not radio for assistance or call police; did not properly diffuse the situation; and allowed Blanton to leave even though she was still clearly upset, angry, and involved in the altercation. RPT contends that the trial court erred in denying summary judgment in its favor on this claim because there is no evidence that Blanton's actions could have been reasonably anticipated or foreseen by the officer. We agree.

As previously mentioned, "to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." (Citation and punctuation omitted.) *City of Richmond Hill v. Maia*, 301 Ga. 257, 258 (1) (800 SE2d 573) (2017). As to the element of causation,

"[a] plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of the injury." (Citation and punctuation omitted.) Id. And, "[i]nextricably entwined with concepts of negligence and proximate cause is a notion of foreseeability." (Citation and punctuation omitted.) Id. at 258-259 (1). As explained in *Maia*,

> the well-established doctrine of intervening causes states that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent act or omission of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury.

(Citation and punctuation omitted.) Id. at 259 (1). See also *Brown*, 265 Ga. App. at 893 (1) ("[g]enerally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury superseding any negligence of the defendant, unless the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent act") (citations and punctuation omitted). Given our conclusion above on the issue of reasonable foreseeability, the trial court also erred in denying summary judgment to RPT on the McPhauls' vicarious liability claims.

16

*Judgment reversed. Doyle, P. J., and Reese, P. J., concur.*